## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM BAILEY | ) | |
| 4606 Lakeland Drive, Apt. TD | ) | CIVIL ACTION NO.:1:20-cv-12 |
| Batavia, OH 45103 | ) | |
| | ) | |
| *individually* | ) | |
| *and on behalf of all others similarly-situated* | ) | |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| W.D. WRIGHT CONTRACTING, INC. | ) | |
| 1200 Sharon Road, Suite 1 | ) | |
| Beaver, PA 15009; AND | ) | |
| | ) | |
| WRIGHT TRAFFIC CONTROL, INC. | ) | |
| 1360 Sharon Road | ) | |
| Beaver, PA 15009 | ) | |
| | ) | |
| Defendants. | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff William Bailey ("Plaintiff") hereby brings this collective/class action against Defendant W.D. Wright Contracting, Inc. ("W.D. Wright") and Defendant Wright Traffic Control, Inc. ("WTC") (collectively, "Defendants"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this complaint contending that Defendants have unlawfully failed to pay him and other similarly-situated individuals employed in the positions of Traffic Control Technician/Flagger ("Class Plaintiffs"), overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Ohio Minimum Fair Wage

Standards Act ("OMFWSA"), Ohio Rev. Code § 4111, *et seq.*, and/or Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15.

2.      In addition to these collective/class claims, Plaintiff also asserts that Defendants retaliated against him and ultimately terminated his employment for engaging in protected activity in violation of the FLSA.

3.      Plaintiff William Bailey is a former employee of Defendants W.D. Wright and WTC, who was employed in the position of Traffic Control Technician/Flagger.

4.      During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek. In this regard, Plaintiff contends that Defendants unlawfully failed to pay him and Class Plaintiffs overtime compensation for certain compensable pre- and post-shift work as well as certain compensable travel time in violation of the FLSA and OMFWSA.

5.      Accordingly, Plaintiff contends that he and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied to them as a result of Defendants' unlawful pay practices.

6.      Plaintiff brings this action as a representative action under the FLSA, OMFWSA, and OPPA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

8.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

10.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the State of Ohio.

**PARTIES**

11.      Plaintiff William Bailey currently resides at 4606 Lakeland Drive, Apt. TD, Batavia, OH 45103.

12.      Upon information and belief, Defendant W.D. Wright Contracting, Inc. is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a headquarters and corporate office address registered with the Pennsylvania Secretary of State of 1200 Sharon Road, Suite 1, Beaver, PA 15009.  Upon information and belief, W.D. Wright's registered office address was changed from 134 Glendale Road, Beaver Falls, PA 15010 (formerly, the address of WTC) to the 1200 Sharon Road address listed above on or around April 8, 2019.

13.      Upon information and belief, Defendant Wright Traffic Control, Inc. is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a

headquarters and office address registered with the Pennsylvania Secretary of State of 1360 Sharon Road, Beaver, PA 15009. Upon information and belief, WTC's registered office address was changed from 1200 Sharon Road, Suite 1, Beaver Falls, PA 15009 (the same address as W.D. Wright), to the 1360 Sharon Road address listed above on or around August 16, 2019.

14. Upon information and belief, Bryan D. Wright is the President and/or Principal Officer of Defendant W.D. Wright Contracting, Inc. and Wright Traffic Control, Inc., and, upon information and belief, exercises significant direction and control over the operations and employment practices of Defendants, including over their pay practices.

15. Upon information and belief, Defendant W.D Wright Contracting, Inc. owns, operates, and/or exercises significant control over the operations of Defendant Wright Traffic Control, Inc.

16. Upon information and belief, Defendants W.D. Wright and WTC are a joint, single, and/or integrated employer with respect to all unionized Traffic Control Technician/Flaggers employed in the State of Ohio.

17. Upon information and belief, Defendants share employees (including, but not limited to Traffic Control Technicians/Flaggers and Traffic Control Field Supervisors), office space (including, but not limited to the same registered corporate address and operating locations), equipment, management (including, upon information and belief, shared corporate officers such as President and Controller), and collectively assert control over their employees for purposes of hiring, firing, discipline, assigning, directing, and setting and enforcing payroll and other administrative policies.

18. By way of example, W.D. Wright maintains a corporate website on behalf of Defendant WTC through which it engages in customer advertising as well as employee

4

recruitment for offices supposedly under the control of and/or staffed by Defendants WTC, including all offices in the State of Ohio.

19.     Upon information and belief, Defendants operate throughout the State of Ohio, including this judicial district.

20.     Defendants are "private employers" and covered by the FLSA.

21.     Plaintiff and, upon information and belief, Class Plaintiffs are employees who were employed by Defendants during all times relevant hereto and, as such, are employees entitled to the FLSA's protections. <u>See</u> 29 U.S.C. § 203(e).

22.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23.     Paragraphs 1 through 22 are hereby incorporated by reference as though the same were fully set forth at length herein.

24.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiffs and all similarly situated current and former employees of Defendants.

25.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the State of Ohio in the position of Traffic Control Technician/Flagger or in positions with substantially similar job duties who worked for Defendants at any point in the past three (3) years, were paid on an hourly basis, and denied overtime compensation due to

Defendants' failure to count certain pre- and post-shift work and compensable travel time towards their total hours worked in violation of the FLSA ("Class Plaintiffs").

26.     Plaintiff estimate that there are in excess of eight hundred (800) other similarly-situated Traffic Control Technician/Flaggers who either are working or worked for Defendants in the State of Ohio and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendants.  These employees can be identified and located using Defendants' payroll and personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

27.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendants' failure to count certain pre- and post-shift work, as well as compensable travel time, towards their total hours worked under the FLSA/OMFWSA, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.  Further, Defendants' willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

28.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this

action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of

seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

29.     Paragraphs 1 through 28 are hereby incorporated by reference as though the same

were fully set forth at length herein.

30.     Plaintiff William Bailey brings this action individually, and on behalf of the

following Ohio-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal

Rules of Civil Procedure:

> All persons presently or formerly employed by Defendants during the past three
> (3) years in the positions of Traffic Control Technician/Flagger, or in positions
> with substantially similar job duties, who were paid on an hourly basis and were
> denied overtime compensation due to Defendants' failure to count certain pre-
> and post-shift work and compensable travel time towards their total hours worked
> in violation of the OMFWSA.

31.     The members of the class are so numerous that joinder of all members is

impractical.  Class members may be informed of the pendency of this Class Action by direct

mail.

32.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law

and fact common to the Class, including, but not limited to:

A.     Whether Plaintiff William Bailey and the Class are entitled to overtime

compensation for services rendered in excess of forty (40) hours per week under the OMFWSA;

B.     Whether the pre- and post-shift work performed by Plaintiff William

Bailey and Class Plaintiffs was/is compensable under the OMFWSA;

C.     Whether the time Plaintiff William Bailey and Class Plaintiffs spent/spend

traveling between Defendants' office and/or designated meeting place and their first job

assignment, and from their last job assignment back to Defendants' office and/or designated meeting place is compensable time under the OMFWSA;

D.      Whether the time Plaintiff and Class Plaintiffs spent/spend traveling between job sites during the workday is compensable time under the OMFWSA;

E.      Whether the time Plaintiff William Bailey and Class Plaintiffs spent loading, unloading, and transporting signage and other equipment during Arrow Board and/or Light Tree jobs constituted compensable time under the OMFWSA;

F.      Whether Defendants failed to accurately track and maintain records of the hours worked by Plaintiff William Bailey and the Class;

G.      Whether Plaintiff William Bailey and the Class worked in excess of forty (40) hours per week; and

H.      Whether Plaintiff William Bailey and the Class have suffered and are entitled to damages, and if so, in what amount; and

I.      Whether Plaintiff William Bailey and the Class are entitled to liquidated damages under the OWPA.

33.     Plaintiff William Bailey's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendants who is employed in the position of Traffic Control Technician/Flagger who has suffered similar injuries as those suffered by the Class members as a result of Defendants' failure to properly pay overtime compensation.  Defendants' conduct of violating the OMFWSA has affected Plaintiff William Bailey and the Class in the same way.

34.     Plaintiff William Bailey will fairly and adequately represent and protect the interests of the Class.  Plaintiff William Bailey is similarly situated to the Class and has no conflict with the Class members.

8

35.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

36.    Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.    The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

B.    Defendants, by failing to pay wages and overtime compensation when they became due and owing in violation of the OMFWSA, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.    The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

37.    A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims.

The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

### FACTS RELEVANT TO PLAINTIFF'S INDIVIDUAL AND COLLECTIVE/CLASS CLAIMS FOR UNPAID WAGES & OVERTIME

38. Paragraphs 1 through 37 are hereby incorporated by reference as though the same were fully set forth at length herein.

39. Plaintiff William Bailey first began his employment with Defendants W.D. Wright and WTC on or around February 18, 2019, when he was hired as a unionized Traffic Control Technician/Flagger out of Defendants' Cincinnati, OH office at 10679 McSwain Drive, Cincinnati, OH 45241.

40. Plaintiff was paid on an hourly basis.

41. Upon information and belief, all Traffic Controllers/Flaggers employed by Defendants are compensated on an hourly basis.

42. Plaintiffs and, upon information and belief, all Traffic Controllers/Flaggers employed by Defendants are classified by Defendants as "non-exempt" under the FLSA/OMFWSA.

43. As Traffic Control Technicians/Flaggers, Plaintiff and Class Plaintiffs' primary job duties include setting up and maintaining traffic warning signs, cones, barriers, and rumble strips, as well as holding up signs to direct the flow of traffic through construction areas.

44. In their capacities as Traffic Control Technician/Flagger, Plaintiff and Class Plaintiffs are/were required to drive a company vehicle (e.g. GMC Sierra, or other non-

commercial vehicles [i.e. vehicles weighing less than 10,000 pounds]) from their homes in to

Defendants' office location and/or designated meeting point virtually each work day.

45.     Defendants generally require(d) Plaintiffs to report to Defendants' office locations

and/or designated meeting points between one (1) and three (3) hours prior to scheduled start of

their first job.

46.     Upon information and belief, Defendants typically require all Traffic Control

Technicians/Flaggers employed in Ohio to report to their various office locations (i.e. Cincinnati,

OH, Columbus, OH, Medina, OH, and Bowling Green, OH) and/or a designated meeting place

between one (1) and two (2) hours prior to the scheduled start of their first job.

47.     Once they arrive at Defendants' office location and/or designated meeting place,

Plaintiff and, upon information and belief, Class Plaintiffs are/were required to perform certain

compensable work, including, but not limited to picking up their timesheets, reviewing

paperwork to determine what equipment is needed for the day's job(s), loading equipment into

the pickup truck, and occasionally attending meetings.

48.     Plaintiff and, upon information and belief, Class Plaintiffs, are/were also assigned

Arrow Board and/or Light Tree jobs, which required them to drive to Defendants' office

locations, pick up and load signage and other equipment onto their company vehicles and

transport said signage and equipment to and unload same at their assigned jobsite.

49.     At the end of the work day, Plaintiff, and upon information and belief, Class

Plaintiffs, are/were also required to load the signage and other equipment back onto their

company vehicles and transport said signage and equipment to and unload same back at

Defendants' office locations.

11

50.     Plaintiff, and other Class Plaintiffs who are assigned company vehicles, was/are also required to pick up their assigned partners from Defendants' office locations and/or a designated meeting place.

51.     Plaintiff, and upon information and belief, Class Plaintiffs was/are required to pick up and drive their partners for the convenience and benefit of Defendants, and to facilitate their receipt of instructions regarding the day's work.

52.     Plaintiff and, upon information and belief, Class Plaintiffs typically thus perform between five (5) and twenty (20) minutes of compensable pre-shift work at Defendants' office(s) each work day.

53.     Nevertheless, Plaintiff and, upon information and belief, Class Plaintiffs are not compensated for this pre-shift work, nor do Defendants count this pre-shift work towards Plaintiff's or Class Plaintiffs' total hours worked under the FLSA/OMFWSA.

54.     Plaintiff and, upon information and belief, Class Plaintiffs are then required to travel from Defendants' office location(s) and/or designated meeting place to their first job site.

55.     Plaintiff and, upon information and belief, Class Plaintiffs are typically required to travel between forty-five (45) minutes to two (2) or more hours from Defendants' office to their first job site.

56.     Indeed, Plaintiff and Class Plaintiffs are occasionally assigned job sites which are three (3) to four (4) hours away from their homes and/or their assigned office or designated meeting place, resulting in extraordinary travel time for which they receive no compensation.

57.     Upon information and belief, approximately thirty percent (30%) to fifty percent (50%) of the time, Plaintiff and, upon information and belief, Class Plaintiffs are assigned multiple jobs during the day, requiring significant additional travel between job sites.

58.     At the end of the work week, Plaintiff and, upon information and belief, Class Plaintiffs was/are required to return to Defendants' office location(s), which typically involves another forty-five (45) minutes to two (2) or more hours of travel time, in order to drop off their completed time sheets, unload and return equipment, and, for those charged with driving company vehicles, drop off their assigned partners.

59.     Nevertheless, Plaintiff and, upon information and belief, Class Plaintiffs are not compensated for this post-shift work, nor do Defendants count this post-shift work towards Plaintiff's or Class Plaintiffs' total hours worked under the FLSA/OMFWSA.

60.     Plaintiff and, upon information and belief, Class Plaintiffs are also occasionally required to travel an extraordinary amount of time for Defendants, well beyond the expected amount of time, without any compensation.

61.     The time Plaintiff and Class Plaintiffs spent/spend traveling from Defendants' office(s) and/or designated meeting place to their first job site, between job sites, and from their final job to back to Defendants' office(s) and/or designated meeting place is "travel that is all in the day's work" within the meaning of the FLSA and OMFWSA.  See 29 C.F.R § 785.38.

62.     However, despite the compensability of Plaintiff's and Class Plaintiffs' travel time as set forth above, Defendants did not/do not compensate Plaintiff and Class Plaintiffs for all the hours they spend thus traveling.

63.     Rather, it is/was Defendants' policy and practice to pay Plaintiff and Class Plaintiffs travel time only if the customer to whose job site they are assigned agreed to pay for that travel time themselves, and then only for a certain, limited amount of time such as one (1) hour irrespective of the actual amount of time Plaintiff and Class Plaintiffs spent traveling for Defendants.

13

64.     Upon information and belief, Defendants' unionized employees in the State of Ohio are not subject to collective bargaining agreement(s) which address the travel time issues described herein.

65.     Furthermore, while Defendants implemented a form known as a "Non-Flagger Time Sheet" in or around November 2019, through which Class Plaintiffs may request payment for certain "non-flagger" duties, Class Plaintiffs are prohibited from using the form to request payment for the travel time described herein.

66.     In this regard, it is Defendants' common policy and practice to provide a copy of the Non-Flagger Time Sheet to Class Plaintiffs only upon request, and only in order for Class Plaintiffs to request compensation for certain non-travel related work, such as cleaning the office, maintaining their company vehicle, and/or show-up time for certain canceled jobs.

67.     However, even when Defendants "approve" the Non-Flagger Time Sheets submitted by Class Plaintiffs, Defendants' common policy and practice is to pay only for a portion of the time requested, irrespective of how many hours the employee spends performing these non-travel-related, "non-flagger" tasks.

68.     It is believed and therefore averred that Defendants implemented the "Non-Flagger Time Sheet" described above in response to a lawsuit filed in the United States District Court for the Western District of Pennsylvania in or around June 2019 on behalf non-union Traffic Control Technicians/Flaggers employed by Defendant W.D. Wright in the Commonwealth of Pennsylvania, which involved similar allegations regarding unpaid travel time.

69.     By failing to accurately track and compensate Plaintiff and, upon information and belief, Class Plaintiffs, for the time they spend/spent performing pre-shift and post-shift work,

14

and for traveling from Defendants' office(s) and/or designated meeting place to their first job, between jobs, and from their final job back to Defendants' offices and/or designated meeting place, Defendants have failed to pay Plaintiffs and, upon information and belief, overtime compensation in violation of the FLSA/OMFWSA.

70.     Plaintiff estimates that, as a result of the unlawful pay practices of Defendants described above, he and Class Plaintiffs have been denied compensation for at least eight (8) to ten (10) hours of overtime per week.

71.     Because Plaintiff and Class Plaintiffs are typically scheduled to work close to if not in excess of forty (40) hours per week (excluding the aforementioned pre- and post-shift work and travel time), the vast majority, if not all, of the unpaid travel time described above is owed to Plaintiff and Class Plaintiffs at an overtime rate.

72.     By way of further example, in one workweek during September 2019, William Bailey estimates that, in addition to working approximately (40) to forty-five (45) hours on job sites, he spent one (1) additional hour performing pre-shift work, approximately twenty (20) hours traveling from the office to his job sites and back again, and approximately one (1) hour performing post-shift work, for a total of twenty-two (22) hours of uncompensated work.

73.     Plaintiff and other employees have complained to Defendants about Defendants' failure to properly compensate Plaintiff and Class Plaintiffs for their pre- and post-shift work and travel time.

74.     However, rather than denying that Plaintiff or Class Plaintiffs are entitled to payment for this time, Defendants' management responded by asserting that it is the responsibility of Defendants' customers, rather than Defendants, to pay Plaintiff and Class Plaintiffs for this time.

75. Despite the fact that Plaintiff and, upon information and belief, Class Plaintiffs, regularly worked/work approximately eight (8) to ten (10) additional hours of overtime per week as a result of the above-referenced pre- and post-shift work and travel time, they did not/do not receive overtime compensation at a rate not less than 1.5 times their regular rate of pay for all hours thus worked over forty (40) in a workweek.

76. Defendants failed to track and maintain accurate records of the regular and overtime hours worked by Plaintiff and, upon information and belief, Class Plaintiffs, per day and per week as required by the FLSA.  See 29 C.F.R. § 516.2.

77. Defendants were aware that Plaintiff and, upon information and belief, Class Plaintiffs were/are working significant overtime hours without properly receiving overtime compensation as aforesaid.

78. Plaintiff and Class Plaintiffs are/were compensated on an hourly basis and, as such, do not qualify for the exemptions from overtime for executive, administrative, or professional employees under the FLSA/OMFWSA.

79. Plaintiff and Class Plaintiffs did not/do not have the authority to hire, fire, or discipline other employees of Defendants, nor did/do they make recommendations with respect to employee status changes to which Defendants give substantial weight.

80. As a result, Plaintiff and Class Plaintiffs do not satisfy the duties requirements for the exemption for executive employees under the FLSA/OMFWSA.

81. Plaintiff and Class Plaintiffs did not/do not perform work directly related to Defendants' management or general business operations, nor did/do they exercise discretion or independent judgment regarding matters of significance to Defendants.

82.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for administrative employees under the FLSA/OMFWSA.

83.     Plaintiff's and Class Plaintiffs' primary duty did not/does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties did not/does not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

84.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for learned professionals under the FLSA/OMFWSA.

85.     Upon information and belief, Plaintiff and, upon information and belief, Class Plaintiffs exclusively drove non-commercial vehicles, i.e. vehicles weighing less than ten thousand (10,000) pounds.

86.     Thus, to the extent Defendants can be classified as a "motor carrier," which Plaintiffs deny, Plaintiffs were not, and, upon information and belief, Class Plaintiffs who were tasked with driving company vehicles were not, exempt from the payment of overtime compensation due to the Small Vehicle Exception to the Motor Carrier Exemption.  See 29 U.S.C. § 13(b)(1); see also McMaster v. E. Armored Servs., 780 F.3d 167, 169-72 (3d Cir. 2015).

87.     Finally, there are no other exemptions under the FLSA or OMFWSA which could arguably be applicable to Plaintiff or Class Plaintiffs.

17

88.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and OMFWSA, non-exempt employees of Defendants and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

89.     As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**FACTS RELEVANT TO PLAINTIFF'S INDIVIDUAL RETALIATION CLAIM**

90.     Paragraphs 1 through 89 are hereby incorporated by reference as though the same were fully set forth at length herein.

91.     On October 24, 2019, Plaintiff William Bailey filed an Opt-In Consent Form indicating his intent under 29 U.S.C. § 216(b) to join a separate collective action lawsuit against Defendants (specifically, W.D. Wright Contracting, Inc.).  See Shook v. Wright of Pennsylvania, LLC, et al., 19-cv-00726 (W.D. Pa. 2019), ECF No. 35 (the "Shook Class Action").

92.     Upon information and belief, Defendants, by and through their counsel, received notice that Plaintiff had filed an Opt-In Consent Form expressing his intent to join the aforementioned lawsuit in order to pursue unpaid wages and overtime compensation under the Fair Labor Standards Act.

93.     Upon information and belief, on November 29, 2019, Plaintiff participated in a meeting at Defendants' Cincinnati offices at which several Traffic Control Technicians/Flaggers complained to management about Defendants' failure to pay for travel time.

94.     Upon information and belief, Defendants formed the belief that Plaintiff had been speaking with coworkers about the unlawful pay practices described herein.

95.     On December 6, 2019, approximately one (1) week after the aforementioned meeting and approximately six (6) weeks after filing the aforementioned Opt-In Consent Form, Plaintiff was terminated for reasons which are clearly pretextual.

96.     It is believed and therefore averred that Defendants terminated Plaintiff's employment in retaliation for engaging in protected activity by attempting to join a lawsuit against Defendants to recover unpaid wages and overtime compensation under the FLSA.

97.     As a result of Defendants' deliberate, willful, malicious, and unlawful actions Plaintiff has suffered damages, including, but not limited to, loss of earnings and earnings potential and other economic damages and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

98.     Paragraphs 1 through 97 are hereby incorporated by reference as though the same were fully set forth at length herein.

99.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

100.    Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

101.    Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

102. As a result, Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

103. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

104. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

105. Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants in the positions of Traffic Control Technician/Flagger or in positions with substantially similar job duties, who worked for Defendants in the State of Ohio at any point in the past three (3) years, were paid on an hourly basis, and were denied overtime compensation due to Defendants' failure to count certain pre- and post-shift work and compensable travel time towards their total hours worked in violation of the FLSA, and authorizing Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to

opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.      Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**OHIO MINIMUM FAIR WAGE STANDARDS ACT**
**Ohio Rev. Code § 4111,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

106.    Paragraphs 1 through 105 are hereby incorporated by reference as though the same were fully set forth at length herein.

107.    The Ohio Minimum Fair Wage Standards Act provides that "[a]n employer shall pan an employee for overtime at a wage rate one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act'[.]" See Ohio Rev. Code Ann. § 4111.03.

108.    By their actions alleged above, Defendants have violated the provisions of the Ohio Minimum Fair Wage Standards Act by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs overtime compensation for all hours work over forty (40) in a workweek.

109.    As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Ohio Minimum Fair Wage Standards Act.

**WHEREFORE**, Plaintiff William Bailey, on behalf of himself and Class Plaintiffs, prays for judgment against Defendants as follows:

A.    An Order certifying this case as a class action and designating Plaintiff William Bailey as the representative of the Class and his counsel as class counsel;

B.      An award to Plaintiff William Bailey and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.      An award to Plaintiff William Bailey and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Ohio Minimum Fair Wage Standards Act; and

D.      An award to Plaintiff William Bailey and Class Plaintiffs for any other damages available to them under applicable Ohio law, and all such other relief as this Court may deem proper.

**COUNT III**
**OHIO PROMPT PAY ACT**
**Ohio Rev. Code § 4113.15**
**UNTIMELY PAYMENT OF WAGES**

110.    Paragraphs 1 through 109 are hereby incorporated by reference as if the same were fully set forth at length herein.

111.    At all times relevant hereto, Defendants are/were entities covered by O.R.C. § 4113.15, and Plaintiff and Class Plaintiffs are/were employees within the meaning of O.R.C. § 4113.15 and are/were not exempt from its protections.

112.    O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and Class Plaintiffs all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

113.    Plaintiff and the Class' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

114.     Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

115.     As a result of Defendants' willful violation, Plaintiff and Ohio Plaintiffs are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15, including, but not limited to the greater of $200 per pay period or six percent (6%) interest.

**WHEREFORE**, Plaintiff William Bailey, on behalf of himself and Class Plaintiffs, prays for judgment against Defendants as follows:

A.     An Order certifying this case as a class action and designating Plaintiff William Bailey as the representative of the Class and his counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of wages and liquidated damages to which they are entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Ohio Payment Law; and

D.     An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Ohio law, and all such other relief as this Court may deem proper.

### COUNT IV
### FAIR LABOR STANDARDS ACT
### 29 U.S.C § 201, *et seq.*
### RETALIATION

116.     Paragraphs 1 through 115 are hereby incorporated by reference as though the same were fully set forth at length herein.

117.     Plaintiff engaged in protected activity under the FLSA by filing an Opt-In Consent Form seeking to join a separate collective/class action lawsuit against Defendants in order to recovery unpaid wages and overtime compensation under the FLSA.

118.    Upon information and belief, Defendants were aware that Plaintiff had engaged in protected activity.

119.    It is believed and therefore averred that Defendants terminated Plaintiff's employment because he engaged in protected activity in violation of the FLSA.

120.    As a result of Defendants' deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of earnings and earnings potential, other economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself:

A.    Awarding Plaintiff back pay wages and front pay in an amount consistent with the FLSA;

B.    Liquidated damages under the FLSA;

C.    Compensatory and/or punitive damages in an amount to be determined at trial;

D.    Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

E.    Awarding pre- and post-judgment interest and court costs as further allowed by law;

F.    For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

/s/ Andrew Kimble
Andrew R. Biller

Biller & Kimble, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
abiller@billerkimble.com

Andrew P. Kimble
Biller & Kimble, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
akimble@billerkimble.com

www.BillerKimble.com

**MURPHY LAW GROUP, LLC**
Michael Murphy, Esq. (*pro hac vice*
application forthcoming)
Michael Groh, Esq. (*pro hac vice*
application forthcoming)
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: January 6, 2020

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.