**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM BAILEY, *individually and on behalf of all others similarly-situated*, | : : : | Case No. 1:20-cv-12 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| W.D. WRIGHT CONTRACTING, INC., *et al.*, | : : : | |
| Defendants. | : : | |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. 22)**

This case is before the Court on the unopposed motion of Plaintiff William Bailey, individually and on behalf of the two opt-in plaintiffs he represents, Joshua Bailey and Allen Bradford (collectively, "Plaintiffs"), to approve settlement and dismiss the case with prejudice (Doc. 22).

### I.     INTRODUCTION

On January 6, 2020, William Bailey, a former employee of Defendants W.D. Wright Contracting Inc. and Wright Traffic Control (collectively, "Defendants"), filed this action on behalf of himself and others similarly situated, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Ohio wage law by not paying compensation for time worked over 40 hours per week.  (Doc. 1).

On January 22, 2020, William Bailey filed a notice of opt-in, indicating Joshua Bailey consented to join the collective action.  (Doc. 2).  On May 15, 2020, the same was

filed for Allen Bradford. (Doc. 18). Both Joshua Bailey and Bradford designated William Bailey as their agent to make decisions on their behalf, including entering into settlement agreements.[1]

The parties have resolved the issues in this case and executed a settlement agreement ("Settlement Agreement") (Doc. 22-2). Under the Settlement Agreement, Defendants agreed to make payments to Plaintiffs for attorneys' fees and damages for all wage-and-hour related claims, and Plaintiffs agreed to release their claims against Defendants. (*Id.*) Plaintiffs now move for approval of the Settlement Agreement and dismissal of the action with prejudice. Defendants do not oppose.

## II. LAW & ANALYSIS

As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Gentrup v. Renovo Servs. LLC*, No. 1:07-cv-430, 2011 U.S. Dist. LEXIS 67887, at * 6 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). The proper procedure for obtaining court approval is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness. *Id.* If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues,"

---

[1] The Court recognizes that although William Bailey has authority to enter into settlement on behalf of Bradford, counsel for Bailey attempted to consult with Bradford before entering into this settlement to "gain his perspective." (Doc. 22-1 at 2). Counsel was unable to reach Bradford. Nevertheless, settlement is still appropriate given the consent form signed by Bradford, and fair, as discussed *infra*. (Doc. 18).

such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.*

The Sixth Circuit has counseled that a district court should consider the following factors when determining whether the settlement of an FLSA claim is fair and reasonable: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of counsel and representatives; and (6) public interest in the settlement. *See UAW v. GMC*, 497 F.3d 615 at 631 (6th Cir. 2007).

The Court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case. *Gentrup*, 2011 U.S. Dist. LEXIS 67887, at * 8 (citation omitted). In certain cases, a court may consider each factor individually. *Id.* "More often, however, inquiry into one factor necessarily overlaps with inquiry into another." *Id.* at *9.

The Court finds the parties' motion for approval of settlement to be well-taken. The parties represent there are bona fide disputes, including unpaid travel time from office locations to meeting points or job sites, Defendants' knowledge of the overtime hours worked, the extent of uncompensated work, and the amount of damages owed. (Doc. 22-1 at 5). There is no evidence of fraud or collusion. Counsel represents that the Settlement Agreement is fair and reasonable. (*Id.* at 5–6).

Continued litigation would involve considerable expenditures of time and resources of the parties and the Court. If this case were to continue, the parties would expend significant time and money prosecuting the litigation through both paper and deposition discovery, dispositive motions, and trial.

"The likelihood of success . . . . provides a gauge from which the benefits of the settlement must be measured." *Gentrup*, 2011 U.S. Dist. LEXIS 67887, at * 9. The ultimate question is whether Plaintiffs are better served if the litigation is resolved by the settlement rather than pursued. *Id.* Here, the risks posed by Defendants' denial of Plaintiffs' claims and the fact-intensive nature of the dispute justify a compromise which provides an immediate settlement payment to Plaintiffs. (Doc. 22-1 at 8–9).

After reviewing the parties' Settlement Agreement (Doc. 22-2), and all the filings in this matter, the Court agrees with Plaintiff's unopposed representations and finds that the Settlement Agreement is fair and reasonable. Accordingly, the Court **GRANTS** the Plaintiff's unopposed motion to approve settlement and dismiss the case with prejudice (Doc. 22).

### III.  CONCLUSION

For the foregoing reasons:

1. The unopposed motion of Plaintiff William Bailey, individually and on behalf of the two opt-in plaintiffs he represents, Joshua Bailey and Allen Bradford, to approve settlement and dismiss the case with prejudice (Doc. 22) is **GRANTED**;

2. This case is **DISMISSED with prejudice**; and

3. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date:  3/10/2021                                              *s/Timothy S. Black*
                                                                          Timothy S. Black
                                                                          United States District Judge